IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WILLIAM ANTONIO DE-JESUS,

                          Petitioner,

          v.                  CASE                    NO. 12-3157-RDR

CLAUDE MAYE,

                          Respondent.



**O R D E R**

     This matter comes before the court on a petition seeking a writ
of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner
confined in the United States Penitentiary in Leavenworth, Kansas.

     Petitioner was convicted on his guilty plea in the United States
District Court for the District of Wyoming.  *See U.S. v. De*-Jesus,
Case No. 10-CR-69 (D.Wyoming, July 22, 2010). He filed the instant
action alleging that his defense counsel in that criminal action was
ineffective in failing to advise petitioner of more favorable plea
agreement offers extended to petitioner's co-defendants, and that but
for counsel's ineffective assistance petitioner would have received
a substantially lower sentence.  Possibly relying on recent Supreme
Court cases addressing ineffective assistance of counsel in the
context of plea agreements,[1] petitioner asks for his sentence to be
vacated, and for an opportunity to be offered the same plea agreement

---

[1]    E.g. *Lefler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1339
(2012).

the prosecutor offered to co-defendants.   Petitioner further contends any exhaustion of administrative remedies within the Bureau of Prisons would be futile.

Generally, a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity.  *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000). To attack the validity of a federal conviction or sentence, a prisoner must pursue relief as provided in 28 U.S.C. § 2255 in a motion filed in the sentencing court.  *Id*.   The distinction between actions brought pursuant to § 2241 and § 2255 is well-established.   Section 2241 "is not an additional, alternative, or supplemental remedy" to the relief afforded under § 2255."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).   Rather, a petitioner may proceed under § 2241 to challenge the validity of a federal conviction or sentence only if it is shown that the remedy under §2255 is "inadequate or ineffective".  *Id.;* 28 U.S.C. § 2255(e).   The fact that a petitioner has been denied relief under § 2255 is not sufficient to show the remedy is inadequate.  *Sines v. Wilner*, 609 F.3d 1070, 1072-74 (10th Cir.2012).

In the present case, the petition does not address the execution of petitioner's federal sentence.   Instead, petitioner clearly challenges the validity of his federal guilty plea and/or sentence, and makes no showing that the relief available under § 2255 is inadequate or ineffective.   This court thus lacks jurisdiction to consider the petition, and the court concludes the petition should be dismissed without prejudice to petitioner pursuing any remedy available before the sentencing court.

IT IS THEREFORE ORDERED that the petition seeking relief under

28 U.S.C. § 2241 is dismissed without prejudice.

DATED:  This 22nd day of October 2012, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge